Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL IX

| | | |
|---|---|---|
| CE CARIBBEAN EQUIPMENT, INC.<br><br>Recurrente<br><br>v.<br><br>JUNTA REVISORA DE SUBASTAS DE LA ADMINISTRACIÓN DE SERVICIOS GENERALES<br><br>A.E. NOVA DISTRIBUTORS, INC.<br><br>Recurridos | KLRA202300513 | *Revisión* Administrativa procedente de la Oficina de la Administración de Servicios Generales del Gobierno de Puerto Rico<br><br>Sobre: Adquisición de instalación de butacas para las salas de eventos de la Corporación del Centro de Bellas Artes Luis A. Ferré<br><br>Caso Núm.: JR-23-124<br>Subasta Núm. 23J-02855-R1 |

Panel integrado por su presidente, el juez Rodríguez Casillas, el juez Salgado Schwarz y el juez Ronda Del Toro.

Rodríguez Casillas, juez ponente.

**SENTENCIA**

En San Juan, Puerto Rico, a 18 de diciembre de 2023.

El 2 de octubre de 2023 la compañía CE Caribbean Equipment (CE Caribbean o parte recurrente) acude ante nos para impugnar la determinación de la Junta Revisora de Subastas de la Administración de Servicios Generales del Gobierno de Puerto Rico (Junta Revisora de ASG o parte recurrida), de la Subasta 23J-02855-R1, Adquisición de instalación de butacas para las salas de eventos de la Corporación del Centro de Bellas Artes Luis A. Ferré. Allí, la Junta Revisora adjudicó la buena pro a A.E. Nova Distributors, Inc. (AE Nova o parte recurrida).

El 13 de octubre de 2023, AE Nova presentó su alegato en oposición.

Examinados los escritos de las partes, se **confirma** la Resolución recurrida. Veamos.

**-I-**

El **16 de febrero de 2023** la Junta de Subastas de la Administración de Servicios Generales (Junta de Subastas ASG) emitió una Invitación a Subasta Formal 23J-028556-R1 para la Adquisición e instalación de butacas para las salas de eventos de la Corporación del Centro de Bellas Artes Luis A. Ferré del Gobierno de Puerto Rico (CBA).[1] El aviso invitaba a todas las personas naturales o jurídicas que cumplieran con los requisitos mínimos para establecer un contrato con el Gobierno de Puerto Rico a participar de la referida subasta.

La Junta de Subastas ASG detalló que llevaría a cabo una reunión virtual pre subasta y una inspección ocular obligatoria de las facilidades del CBA el 21 de febrero de 2023 a las 10:30 am y las 1:30 pm, respectivamente. Además, se indicó que la fecha límite para entregar ofertas y el Acto de Apertura serían el 3 de marzo de 2023, a las 10:00 am y a las 3:00 pm respectivamente.

En el Pliego de Subasta Formal,[2] la Junta de Subastas ASG señaló —entre otras— que los licitadores debían presentar junto con sus ofertas una muestra de tela, al igual que una copia fiel y exacta de la garantía emitida por el manufacturero del producto y servicio.[3] Esta última debía detallar de forma clara y precisa el período específico o términos aplicables a cada garantía, su vigencia, los trámites requeridos para reclamar la garantía, entre otros. No obstante, la Junta de Subastas ASG no especificó en dicho Pliego la fecha en la cual realizaría el examen y análisis de las muestras. Tampoco les notificó a las partes si en efecto se llevaría a cabo el examen y análisis.

---

[1] Véase, Aviso de Subasta, págs. 1-2 del Apéndice de la Recurrente.
[2] Véase, Pliego de Subasta Formal Núm. 23J-02855-R1, págs. 3-32 del Apéndice de la Recurrente.
[3] *Id.*, pág. 16 del Apéndice de la Recurrente.

Así las cosas, el **21 de febrero de 2023** se llevó a cabo la reunión virtual pre subasta a la cual asistieron 12 licitadores, entre ellos, AE Nova y CE Caribbean. Tal y como se había señalado en el aviso de subasta, en la tarde se llevó a cabo la inspección ocular obligatoria de las facilidades del CBA

Al día siguiente —22 de febrero de 2023— la Junta de Subastas ASG enmendó el Pliego de Subasta con el fin de modificar la Tabla de Ofertar y para añadir el requisito de literatura y fotografías de las butacas y gradas a ofertarse.[4] De igual modo, el **23 de febrero de 2023**, la Junta de Subastas ASG emitió una segunda enmienda al Pliego de Subastas para cambiar la fecha límite para la entrega de ofertas y el Acto de Apertura.[5] De manera que, la nueva fecha para la entrega de ofertas y Acto de Apertura sería el 7 de marzo de 2023.

Llegado el **7 de marzo de 2023**, AE Nova, CE Caribbean e Integrated Design Solutions, Inc., presentaron sus respectivas ofertas. En la tarde del mismo día, se celebró el Acto de Apertura de los pliegos de subasta. Según surge del expediente, AE Nova ofreció un precio para cada partida contenida ascendente a $917,179.02.[6] Por otro lado, Integrated Design Solutions ofreció un precio total de $840,303.60;[7] no obstante, surge del expediente que Integrated Design Solutions no ofertó en todos los renglones establecidos en el Pliego de Subasta. Por su parte, CE Caribbean ofreció un precio total de $1,165,303.60;[8] sin embargo, CE Caribbean no incluyó en su oferta copia fiel y exacta de la garantía del manufacturero de los productos que ofreció. Tampoco informó de forma clara y detallada,

---

[4] Véase, Enmienda Núm. 1, pág. 33 del Apéndice de la Recurrente.
[5] Véase, Enmienda Núm. 2, pág. 34 del Apéndice de la Recurrente.
[6] Véase, Oferta de AE Nova Distributors, Inc., pág. 145 del Apéndice de la Recurrente.
[7] Véase, Resolución de Adjudicación de la Subasta Formal Núm. 23J-02855-R1, pág. 359 del Apéndice de la Recurrente.
[8] Véase, Oferta de CE Caribbean Equipment, Inc., pág. 36 del Apéndice de la Recurrente.

qué incluía o no incluía su garantía, cómo debía reclamarse y quién estaría a cargo de la reparación o reemplazo del producto.

El **24 de marzo de 2023**, la Junta de Subastas ASG emitió Resolución de Adjudicación otorgando la buena pro a CE Caribbean.[9] Razonó que el licitador agraciado satisfacía las necesidades y requisitos de la Administración de Servicios Generales; además, que la parte recurrente cumplió con los requisitos dispuestos en el pliego.

En cuanto a los otros licitadores, expuso que Integrated Design Solutions no incluyó junto a su oferta la muestra de tela requerida en el Pliego de Subastas; además, notó el uso de cinta correctiva en la Tabla de Oferta en clara contravención a la instrucción Número 11 del Pliego de Subastas que expresamente prohibía el uso de cinta correctiva.

En cuanto a AE Nova, indicó que había cumplido con todos los requisitos plasmados en el Pliego de Subastas; sin embargo, el CBA y la Administración de Servicios Generales encontraron que la calidad de las telas era inferior a las telas provistas por CE Caribbean. Así mismo, encontró que no podía validar el desempeño pasado de AE Nova en cuanto a obras similares a las requeridas por el CBA.

Inconforme, AE Nova acudió el **13 de abril de 2023** a la Junta Revisora de ASG mediante Solicitud de Revisión Administrativa[10] y señaló la comisión de los siguientes errores:

> **Primer Error:** *Erró y abusó de su discreción la Honorable Junta de Subastas al seleccionar la oferta de un licitador que incumplió las instrucciones y condiciones generales de la subasta y los requisitos contenidos en la Ley 75-2019, en el Reglamento Uniforme de Compras y Subastas de la Administración de Servicios Generales, y en sus propios pliegos de subasta.*

---

[9] Véase, Resolución de Adjudicación, págs. 351-360 del Apéndice de la Recurrente.
[10] Véase, Solicitud de Revisión Administrativa, págs. 361-381 del Apéndice de la Recurrente.

*Segundo Error: Erró y abusó de su discreción la Honorable Junta de Subastas al no adjudicar la subasta a favor de AE Nova Distributors, Inc., a pesar de haber sido el licitador responsivo que ofreció el precio más bajo y, por lo tanto, quien ofreció el Mejor Valor.*

*Tercer Error: Erró y abusó de su discreción la Honorable Junta de Subastas al adjudicar la subasta a base de criterios de evaluación no anunciados, en contravención de las disposiciones de la Ley 75-2019, del Reglamento Núm. 9230 y de sus propias instrucciones y condiciones para esta subasta.*

El **30 de mayo de 2023**, la Junta Revisora de ASG emitió una Resolución en la que declaró **Ha Lugar** la Solicitud de Revisión de AE Nova y ordenó la devolución del caso a la Junta de Subastas ASG para que se llevara a cabo el proceso de inspección de muestras conforme a la Ley 73-2019 y su reglamento. En ese sentido, ordenó la devolución del caso para que la Junta de Subastas ASG evaluara si AE Nova, como **único** licitador que entregó la documentación requerida por el Pliego de Subasta, cumplía en ofrecer un producto que satisficiera las necesidades del CBA y fuese merecedor de la buena pro. Es menester señalar que, ni CE Caribbean ni la Junta de Subastas ASG impugnaron dicha Resolución de la Junta Revisora de ASG.

Así las cosas, el **6 de junio de 2023** se celebró la inspección de muestras. A dicha inspección comparecieron AE Nova y CE Caribbean, a pesar de que la última fue descalificada.

El **7 de julio de 2023**, la Junta de Subastas ASG emitió una Resolución enmendada mediante la cual adjudicó nuevamente la buena pro a CE Caribbean. Explicó que las omisiones que provocaron la descalificación de CE Caribbean eran desviaciones permisibles al amparo del *Reglamento Uniforme de Compras y Subastas de Bienes, obras y Servicios no Profesionales de la Administración de Servicios Generales del Gobierno de Puerto Rico, Reglamento Núm. 9230,* aprobado por el Departamento de Estado de 18 de noviembre de 2020. Añadió, que subsanó *motu proprio* la ausencia de la garantía de los productos en el expediente de CE

Caribbean ya que, la halló fácilmente en la red de internet. En cuanto a AE Nova, indicó que no incluyó muestras para todos los productos, lo que suponía su descalificación.

Insatisfecha, AE Nova presentó una **segunda** Solicitud de Revisión Administrativa ante la Junta Revisora de ASG y señaló la comisión de los siguientes errores:

> *Primer Error: Erró la y abusó de su discreción la Honorable Junta de Subastas al rehusarse a acatar la Resolución emitida por esta Junta Revisora en el caso JR-23-124 y adjudicar nuevamente la subasta a un licitador que fue descalificado como resultado de ese recurso.*

> *Segundo Error: Erró la y abusó de su discreción la Honorable Junta de Subastas al intentar subsanar defectos de forma y contenido en la oferta de su licitador agraciado que son insubsanables, por los cuales esta Junta Revisora había ordenado su descalificación.*

> *Tercer Error: Erró la y abusó de su discreción la Honorable Junta de Subastas al rehusarse a evaluar a AE Nova como único licitador responsivo y determinar si su oferta satisface las necesidades del CBA.*

El **12 de septiembre de 2023**, la Junta Revisora de ASG emitió una Resolución mediante la cual declaró Ha Lugar la Solicitud de Revisión de AE Nova, revocó la determinación de la Junta de Subastas ASG y ordenó la adjudicación de la buena pro a AE Nova.

Inconforme, CE Caribbean acudió ante esta Curia e imputó la comisión de los siguientes errores:

> *Primer Error: Erró la Junta Revisora al revocar a la Junta de Subastas y descalificar a Caribbean Equipment por entender que no fue un licitador responsivo y que dicha determinación había advenido fina y firme y constituía la "ley del caso".*

> *Segundo Error: Erró la Junta Revisora al revocar a la Junta de Subastas y Descalificar a Caribbean Equipment por entender que no fue un licitador responsivo dado a que incumplió con los requisitos de garantía establecidas en el pliego de subastas y el reglamento uniforme.*

> *Tercer Error: Erró la Junta Revisora al revocar a la Juntade Subastas y adjudicarle la buena pro a AE Nova, a pesar de que este licitador no fue responsivo y, por consiguiente, debió ser descalificado.*

-II-

A.

Es harto conocido que en nuestra jurisdicción no existe legislación especial que regule los procedimientos de subastas dirigidos a la adquisición de bienes y servicios para las entidades gubernamentales.[11] De igual forma, es norma reiterada que las subastas están expresamente excluidas de los procedimientos adjudicativos formales regulados por la Ley de Procedimiento Administrativo Uniforme del Estado Libre Asociado de Puerto Rico (Ley 38-2017).[12] De hecho, el único aspecto de las subastas regulado por la Ley 38-2017 lo son las etapas de reconsideración y revisión judicial.[13] De manera que, las agencias gubernamentales están llamadas a adoptar las normas a seguir en sus propios procedimientos de adjudicación de subastas.[14]

No obstante, los procedimientos de subastas del gobierno de P.R. están revestidos del más alto interés público.[15] Esto es así debido a que, la consideración primordial al momento de determinar quién debe resultar favorecido en el proceso de adjudicación de subastas debe ser el interés público en proteger los fondos del pueblo de Puerto Rico.[16] En atención a esto, el Tribunal Supremo de Puerto Rico ha resuelto que el eje central de las subastas gubernamentales es procurar conseguir los precios más económicos; evitar el favoritismo, la corrupción, el dispendio, la prevaricación, la extravagancia y el descuido al otorgarse los contratos, y minimizar los riesgos de incumplimiento.[17]

Lo antes dicho cobra mayor importancia, ya que la subasta tradicional y el requerimiento de propuestas son los métodos mediante los cuales el gobierno central y el municipal adquieren

---

[11] *Caribbean Communications v. Pol. de PR*, 176 DPR 978, 993 (2009).
[12] *Id.*
[13] 3 LPRA sec. 2151.
[14] 3 LPRA secs. 2169 y 2172; *Caribbean Communications, Id.*, pág. 993-994; citando a *Perfect Cleaning v. Cardiovascular*, 162 DPR, 745, 757 (2004).
[15] *CD Builders v. Mun. Las Piedras*, 196 DPR 336, 343-344 (2016).
[16] *Cordero Vélez v. Municipio de Guánica*, 170 DPR 237, 245 (2007).
[17] *Empresas Toledo v. Junta de Subastas*, 168 DPR 771, 778 (2006).

bienes y servicios.[18] La subasta pública formal o mediante ofertas selladas es el procedimiento más comúnmente utilizado por las entidades gubernamentales.[19] La subasta formal comienza con la preparación del pliego de condiciones y especificaciones, seguido por la emisión de la invitación o aviso de subasta al público. Luego, los interesados someten sus propuestas selladas las cuales se hacen públicas con la celebración del acto de apertura en presencia de todos los postores. Las ofertas pasan a manos de un comité evaluador que, luego de evaluarlas, emite su recomendación para la adjudicación de la buena pro. Finalmente, el procedimiento concluye con la adjudicación de la buena pro y la notificación de esta a todos los postores.[20]

Nuestro más alto foro ha resuelto que la característica distintiva de la subasta formal es que las ofertas se presentan selladas. ***Una vez abiertas las propuestas, no se admiten modificaciones a las mismas***, pues no hay cabida para la negociación entre las partes.[21] Esta secretividad responde a la necesidad de garantizar que la competencia entre los licitadores sea efectiva y honesta, pues de esa manera se evita que un licitador con mayor capacidad económica enmiende su propuesta para superar la de otro competidor.[22]

**B.**

La revisión de subastas es limitada y se rige por principios similares a los que gobiernan la revisión de los procedimientos celebrados ante las agencias.[23] Como norma general, en el contexto de las subastas gubernamentales, la Junta de Subastas de la agencia goza de amplia discreción en la evaluación de las propuestas

---

[18] *PR Eco Park et al. v. Municipio de Yauco,* 202 DPR 525, 531 (2019).
[19] *Caribbean Communications v. Pol. De PR, supra,* pág. 994; citando a *R & B Power v. ELA,* 172 DPR 607 (2007).
[20] *Id.*, pág. 995.
[21] *Trans Ad de PR v. Junta de Subastas,* 174 DPR 56, 66 (2008). Énfasis nuestro.
[22] *Id.*
[23] *Maranello v. OAT,* 186 DPR 780, 793 (2012).

sometidas ante su consideración.[24] Es por esto que, de ordinario, las agencias se encuentran en mejor posición que los tribunales para evaluar las ofertas ante su consideración.[25] Lo anterior responde a la vasta experiencia y especialización que posee la agencia y que, a su vez, la coloca en mejor posición que el foro judicial para seleccionar al mejor licitador.[26]

Por lo que, los tribunales reconocemos la discreción de las agencias en el ejercicio de sus facultades para considerar licitaciones, rechazar propuestas y adjudicar la subasta a favor de la oferta que estime ajustada a las necesidades particulares de la agencia y al interés público en general.[27] De manera que, los tribunales no deben intervenir con el criterio de las agencias, excepto en aquellos casos donde se demuestre que la decisión se tomó de forma arbitraria o caprichosa, o mediante fraude o mala fe.[28] Ausentes estos elementos, ningún licitador tiene derecho a quejarse cuando otra oferta es elegida como la más ventajosa.[29] El criterio rector de las revisiones administrativas será la razonabilidad de la actuación de la agencia. Los tribunales no deben alterar las determinaciones de un organismo administrativo si están sostenidas por evidencia sustancial que surja del expediente considerado en su totalidad.[30]

Como corolario de lo anterior, los tribunales le debemos deferencia judicial a las decisiones y actuaciones administrativas. Por ello, la revisión judicial se limita a las ordenes o resoluciones finales de las agencias. De esa forma, la Asamblea Legislativa limitó la revisión judicial con la intención de evitar una intromisión indebida y a destiempo en el trámite administrativo por parte de los

---

[24] *Caribbean Communications v. Pol. de PR, supra,* pág. 1006.
[25] *Aut. Carreteras v. CD Builders, Inc.,* 177 DPR 398, 408 (2009).
[26] *Maranello v. OAT, supra,* pág. 792
[27] *Aut. Carreteras v. CD Builders, Inc., supra.*
[28] *Torres Prods. v. Junta Mun. Aguadilla,* 169 DPR 886, 898 (2007).
[29] *Id.*
[30] *Otero v. Toyota,* 163 DPR 716, 727-728 (2005).

tribunales.[31]  En lo pertinente, la Sección 4.2 de la Ley 38-2017 dispone que una parte adversamente afectada por una orden o resolución final de la Junta Revisora de Subastas de la Administración de Servicios Generales podrá acudir ante esta Curia mediante recurso de revisión en un término de veinte (20) días.[32] Añade la Sección 4.2 que, las ordenes o resoluciones interlocutorias emitidas en procesos que se desarrollan por etapas, no serán revisables sino que podrán ser objeto de señalamiento de error en el recurso de revisión.

Nuestro foro supremo ha intimado que una orden o resolución final tiene las características de una sentencia en un procedimiento judicial, debido a que resuelve en definitiva la cuestión litigiosa y permite su apelación o solicitarse su revisión.[33] Por lo que, una orden o resolución final es aquella que culmina el procedimiento administrativo, tiene efectos sustanciales sobre las partes y resuelve todas las controversias ante la agencia; les pone fin, sin dejar pendiente una para ser decidida en el futuro.[34]

### C.

La Ley de la Administración de Servicios Generales para la Centralización de las Compras del Gobierno de Puerto Rico de 2019, Ley 73 de 19 de julio de 2019, según enmendada (Ley 73-2019) establece como política pública del Gobierno de Puerto Rico la centralización de los procesos de compras gubernamentales bienes, obras y servicios, con el fin de lograr mayores ahorros fiscales y la transparencia en la gestión gubernamental.[35] En armonía con lo anterior, se delegó en la Administración de Servicios Generales la responsabilidad de implantar la política pública, dirigir el proceso

---

[31] *Comisionado Seguros v. Universal*, 167 DPR 21, 29 (2006).
[32] 3 LPRA sec. 9672.
[33] *J. Exam. Tec. Méd. v. Elías et al.*, 144 DPR 483, 490 (1997).
[34] *Comisionado Seguros v. Universal, supra.*
[35] Véase, Ley 73-2019, Exposición de Motivos.

de adquisición de bienes y servicios y la contratación de servicios del Gobierno de Puerto Rico, entre otros.[36]

Mediante la Ley 73-2019 se creó a la Junta de Subastas, adscrita a la Administración de Servicios Generales, de naturaleza cuasijudicial, con la facultad de evaluar y adjudicar las subastas del Gobierno de Puerto Rico.[37] La Junta de Subastas está facultada para emitir invitaciones de subastas y solicitudes de propuestas selladas, evaluar y adjudicar las propuestas y/o subastas, no aceptar licitaciones que contengan precios en exceso del precio de venta al detal sugerido por el manufacturero, entre otros. Por otro lado, también se creó la Junta Revisora de Subastas, adscrita a la Administración, de igual naturaleza cuasijudicial, facultada para revisar cualquier impugnación de las determinaciones o adjudicaciones hechas, entre otras, por la Junta de Subastas.[38]

Sobre el procedimiento de revisión administrativa, el Artículo 66 dispone que la Junta Revisora debe considerar la revisión administrativa dentro de los treinta días de su presentación.[39] Dispone además que, si la Administración de Servicios Generales o la Junta Revisora dejan de tomar alguna acción con relación a la solicitud de revisión dentro del término correspondiente, se tendrá por rechazada de plano y a partir de esa fecha comenzará a correr el término para la revisión judicial. La parte adversamente afectada por la adjudicación de la Junta Revisora, podrá presentar un recurso de revisión ante el Tribunal de Apelaciones conforme a las disposiciones de la Ley 38-2017.[40]

Por otra parte, la Ley 73-2019 dispone que la Administración de Servicios Generales deberá cumplir con una serie de criterios para la evaluación o adjudicación en los procesos de subastas,

---

[36] 3 LPRA sec. 9832e
[37] 3 LPRA sec. 9836.
[38] 3 LPRA sec. 9837.
[39] 3 LPRA sec. 9838c.
[40] 3 LPRA sec. 9838e.

requerimientos de propuestas o requerimientos de cualificaciones. En lo pertinente, el Artículo 33 dispone que:

[...]

(g) Dispondrá que la garantía del producto o servicio deberá detallar claramente qué incluye y qué no incluye, presentando los costos de transporte, si alguno. A la vez, tiene que estar certificada en casos de productos, por el fabricante local o del exterior y también por su representante o distribuidor, garantizándole a la entidad gubernamental su reemplazo de partes o productos, servicios y mano de obra bajo términos claramente expuestos en la oferta del licitador e incluidos posteriormente en el contrato suscrito con el licitador agraciado.

[...]

(j) Solicitará a todo licitador una descripción precisa y detallada de los bienes, obras o servicios objeto de oferta, incluyendo las garantías y términos de entrega, si algunas. No aceptará que los licitadores o contratistas, incluyan descripciones genéricas o ambiguas en los términos de entrega o las garantías de sus productos y servicios en sus procesos de subasta, requerimiento de propuestas y la contratación de adquisición de productos o servicios. En ese sentido, todo licitador y contratista, según aplique, debe incluir, de forma clara y detallada, el período específico o los términos aplicables a cada garantía, sus limitaciones y condiciones, los pasos requeridos para reclamar la garantía, una descripción clara de qué entidad proveerá el servicio de reemplazo, subsanación, corrección o reparación del producto o el servicio y los términos de entrega del producto o servicio. Cualquier oferta que no cumpla con lo antes expresado, se tendrá por no sometida y la misma no podrá ser favorecida en la adjudicación de la subasta o propuesta. ***De igual forma, bajo ninguna circunstancia, se podrá omitir lo dispuesto en ese inciso en el proceso de contratación para la adquisición de bienes, obras o servicios no profesionales***.[41]

Por otro lado, y en cumplimiento con lo dispuesto en el Artículo 25, se crea el *Reglamento Uniforme de Compras y Subastas de Bienes, obras y Servicios no Profesionales de la Administración de Servicios Generales del Gobierno de Puerto Rico, Reglamento Núm. 9230,* aprobado por el Departamento de Estado de 18 de noviembre de 2020 (Reglamento Núm. 9230). En el mismo, se disponen las normas y procedimientos a seguir para la adquisición de bienes, obras y servicios no profesionales en el Gobierno.[42]

**D.**

---

[41] 3 LPRA sec. 9834i. Énfasis nuestro.
[42] 3 LPRA sec. 9834a.

El Reglamento Núm. 9230 dispone que la Junta de Subastas deberá evaluar las ofertas tomando en consideración los criterios establecidos en el pliego de la subasta formal en conjunto con los criterios enumerados en dicho Reglamento.

En lo pertinente, el inciso (h) de la Sección 7.3.17.2. dispone que la Junta de Subastas debe considerar "[e]l periodo especifico o los términos aplicables a cada garantía, sus limitaciones y condiciones, los pasos requeridos para reclamar la garantía, qué entidad proveerá el servicio de reemplazo, subsanación, corrección o reparación del bien o el servicio."[43]

Por otra parte, la Sección 10.5.3. establece las condiciones generales compulsorias a ser incluidas en todos los pliegos de compras, subastas o solicitud de propuestas. En particular, la Sección 10.5.3.17 dispone lo siguiente sobre la garantía de los productos o servicios a ofrecer:

> El pliego deberá expresar que todo licitador deberá incluir, de forma clara y detallada, el período específico o los términos aplicables a cada garantía, sus limitaciones y condiciones, los trámites requeridos para reclamar la garantía, una descripción clara de qué entidad proveerá el servicio de reemplazo, subsanación, corrección o reparación del producto o el servicio y los términos de entrega del producto o el servicio y los términos de entrega del producto o servicio.
>
> ***La garantía del producto o servicio deberá detallar claramente qué incluye.*** A su vez, la garantía tiene que estar certificada, en casos de productos, por el fabricante local o del exterior y también por su representante o distribuidor, garantizándole a la entidad gubernamental su reemplazo de partes o productos, servicios y mano de obra bajo términos claramente expuestos en la oferta del licitador.
>
> Se informará, además, que el licitador deberá asumir los costos relacionados a la garantía, incluidos los gastos de transporte o envío.
>
> Se informará a los licitadores que se considerará de manera preferente la garantía prestada en Puerto Rico a la garantía prestada en el exterior.
> Se requerirá a todo licitador el deber de honrar al Gobierno la garantía, si alguna, independientemente de si se compra o no a través de un distribuidor.

---

[43] Sección 7.3.17.2 del Reglamento Núm. 9230. Énfasis nuestro.

***En el pliego se advertirá a todos licitador que el incumplimiento de lo antes expresado será razón de descalificación.***[44]

**-III-**

Son tres los errores que la recurrente expone en su recurso de revisión judicial. En el primer error, CE Caribbean plantea que la Junta Revisora de ASG no debió revocar la determinación de la Junta de Subastas ASG, y por consiguiente, descalificarlo por no ser un licitador responsivo y porque dicha determinación constituía la ley del caso. En el segundo error, arguye que la Junta Revisora de ASG incidió al resolver que había incumplido con los requerimientos de garantía dispuestos en el Pliego de Subasta y en el reglamento aplicable. Por estar íntimamente relacionados, pasamos a discutir conjuntamente el primer y segundo señalamiento de error.

**Primeramente**, del expediente surge que todos los licitadores interesados en la subasta debían someter, copia fiel y exacta de la garantía del manufacturero, entre otros requisitos. Esto, en cumplimiento —no solo con el Pliego de Subasta— sino que en cumplimiento con la Ley 73-2019 y el Reglamento Núm. 9230. Nótese, que de la primera Resolución de Adjudicación de la Junta de Subastas ASG, <u>AE Nova fue el único licitador que cumplió con todos los requerimientos detallados en el pliego de subastas</u>. Todavía más, <u>la Junta de Subastas ASG resolvió que CE Caribbean no cumplió con el requerimiento de copia fiel y exacta de la garantía, e inexplicamente, le adjudicó la buena pro</u>, ello, en contravención a lo dispuesto en <u>el Artículo 33 de la Ley 73-2019 y la Sección 10.5.3.17 del Reglamento Núm. 9230</u>. Claramente, la Junta de Subastas ASE <u>debió descalificar a CE Caribbean y no adjudicarle la buena pro</u>, pero no lo hizo.

---

[44] Sección 10.5.3.17 del Reglamento Núm. 9230. Énfasis nuestro.

A lo antes dicho, AE Nova acudió mediante solicitud de revisión ante la Junta Revisora de ASG y esta descalificó a CE Caribbean, revocó la adjudicación de la subasta y <u>ordenó a la Junta de Subastas ASG a revaluar la propuesta de AE Nova como el **único** licitador responsivo que cumplía con **todos** los requisitos</u>. Sin embargo, la Junta de Subastas ASG ignoró la orden de la Junta Revisora e incluyó a CE Caribbean, a pesar de que había sido descalificado. Peor aún, la Junta de Subastas ASG le adjudicó nuevamente la buena pro a la recurrente arguyendo que, aun cuando CE Caribbean no había incluido copia fiel y exacta de la garantía del manufacturero, la propia Junta se dio a la tarea de buscar la garantía por la internet ya que era un documento de fácil acceso. Además, arguyó que la deficiencia de CE Caribbean era una desviación permisible con oportunidad de subsanación.

Nótese, que la Ley 73-2019 y el Reglamento 9230 son claros en cuanto al requisito de la copia de la garantía. Ambos disponen que la ausencia de dicho documento en la propuesta de un licitador es causa justa para su descalificación. Por otro lado, la jurisprudencia interpretativa ha sido enfática en que la característica distintiva de las subastas formales lo son las propuestas selladas y la secretividad que las acompaña hasta el Acto de Apertura. Celebrado el Acto de Apertura, <u>las propuestas **no se pueden enmendar**</u>. Ciertamente, la Junta de Subastas ASG erró, no solo al adjudicarle la buena pro a la parte recurrente, sino al enmendar *motu proprio* la propuesta de CE Caribbean con el fin de adjudicarle nuevamente la buena pro. Ni CE Caribbean ni la Junta podían enmendar la propuesta.

Tampoco cabe decir que, la primera Resolución de la Junta Revisora de ASG no fue una determinación final, por lo que, ahora puede ser revisable ante este foro intermedio. Véase, que la determinación de la Junta Revisora de ASG constituye una

Resolución final que revocó una adjudicación final, descalificó y excluyó del proceso de licitación a CE Caribbean; en consecuencia, ordenó que AE Nova fuera revaluada al ser la única licitadora cuya oferta cumplió con todos los requisitos establecidos en el Pliego de Subastas.

Resulta evidente que la primera Resolución representó el fin de la participación de CE Caribbean en el proceso de subasta, pues ni la Junta de Subastas ASG ni CE Caribbean la impugnaron. De hecho, notificada la referida Resolución, la Junta de Subastas ASG y CE Caribbean la acataron. Es decir, por una parte, CE Caribbean no acudió al Tribunal de Apelaciones para impugnarla y esta advino final y firme. De otra parte, la Junta de Subastas ASG procedió a revaluar a AE Nova, aunque erró al adjudicarle la buena pro a CE Caribbean que había sido descalificada. El primer y segundo señalamiento de error no se cometieron.

**En segundo orden**, como tercer error CE Caribbean plantea que la Junta Revisora de ASG erró al revocar la Junta de Subastas ASG y adjudicarle la buena pro a AE Nova, quien era un licitador no responsivo al no incluir todas las muestras de telas. En específico, alega que el incumplimiento se configuró en la Reunión de Examen de Muestra del 6 de junio de 2023, ya que —durante la inspección de las muestras de telas— AE Nova le confirmó a la Junta de Subastas ASG que no había incluido las muestras de todos los productos que ofertó para la subasta.

No obstante, del contenido de la Minuta no surge que AE Nova hiciera tal aseveración.[45] Inclusive, este Tribunal no encontró en el contenido de la Minuta declaración alguna que coincida con la alegación de la parte recurrente.

---

[45] Véase, Minuta de Reunión Examen de Muestra, págs. 394-395 del Apéndice de la Recurrente.

Como bien explicáramos anteriormente, los tribunales estamos impedidos de alterar las determinaciones de los organismos administrativos cuando estas estén basadas en evidencia sustancial que surja del expediente.[46] Del expediente administrativo no surge ningún tipo evidencia que demuestre que AE Nova declaró no haber entregado las muestras de todos los productos. Esta alegación solamente surge de la Resolución de Adjudicación de la Junta de Subastas. Por consiguiente, es forzoso concluir que dicho planteamiento es uno infundado, pues adolece de evidencia sustancial que lo respalde.

En fin, la Resolución impugnada se encuentra sostenida por evidencia sustancial que obra en el expediente administrativo y, en armonía con las leyes y reglamento aplicables a los procedimientos de subastas. Por lo que, merece nuestra deferencia. En ausencia de abuso de discreción, parcialidad o perjuicio por parte de la Junta Revisora de ASG, sostenemos el dictamen cuya revisión se solicita.

-**IV-**

Por los fundamentos antes expresados, se confirma la adjudicación de la subasta recurrida.

Lo acordó el Tribunal y lo certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[46] *Otero v. Toyota, supra.*